ORDERED.

**Dated:  March 31, 2022**

Michael G. Williamson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Kenneth Michael Bauer
and Raya Sue Bauer,

      Debtors.
_____/

Case No. 8:20-bk-05817-MGW
Chapter 7

## MEMORANDUM OPINION ON DEBTORS' ABILITY TO EXEMPT ANNUITY PROCEEDS INHERITED POSTPETITION

Postpetition, the Debtors inherited proceeds from an annuity contract. The

Debtors have claimed the proceeds as exempt under section 222.14, Florida Statutes.

The Chapter 7 Trustee objects primarily because, according to the Trustee, the

Debtors only had a mere expectancy interest in the annuity proceeds as of the

petition date since Raya Bauer's mom had not yet died. This Court must decide

whether the Debtors can exempt annuity proceeds they inherited postpetition.

Because Bankruptcy Code § 522(b) allows debtors to exempt certain property (e.g.,

annuity proceeds under section 222.14, Florida Statutes) from "property of the

estate," which includes property inherited 180 days postpetition, the Debtors are entitled to exempt the annuity proceeds.

## I.    Background

Prepetition, Berniece Bauschke, the mother of Raya Sue Bauer, one of the Debtors in this case, bought three annuities through Allianz Life Insurance Company.[1] Raya Sue Bauer was named as a beneficiary on the annuities.[2] Three months after the Debtors filed this bankruptcy case, Mrs. Bauschke passed away.[3]

So Mrs. Bauer, as beneficiary, is entitled to the proceeds from the annuities.[4] Because property inherited by a debtor or received by a debtor as a beneficiary of a death benefit plan within 180 days of a debtor filing for bankruptcy becomes part of the chapter 7 estate,[5] the Debtors amended their schedules to include the cash surrender value of the annuities on Schedule B and notified the Chapter 7 Trustee of their interest in the proceeds of the annuities.[6]

---

[1] Doc. No. 59-1.

[2] *Id.*

[3] Doc. No. 59, ¶ 4.

[4] Doc. No. 57, p. 2, ¶ 10.

[5] 11 U.S.C. § 541(a)(5).

[6] Doc. No. 59, ¶ 6; Doc. No. 57, p. 2, ¶ 8.

The Debtors also claimed the proceeds as exempt under section 222.14,
Florida Statutes.[7] Section 222.14, Florida Statutes, exempts the proceeds of annuity
contracts from (among other things) the creditors of the beneficiary of the annuity:

> The cash surrender values of life insurance policies issued
> upon the lives of citizens or residents of the state *and the*
> *proceeds of annuity contracts issued to citizens or residents of the*
> *state*, upon whatever form, *shall not in any case be liable to*
> attachment, garnishment or legal process in favor of any
> creditor of the person whose life is so insured or of *any*
> *creditor of the person who is the beneficiary of such annuity*
> *contract*, unless the insurance policy or annuity contract
> was effected for the benefit of such creditor.[8]

The Trustee objects to the Debtor's claimed exemption on two grounds. First,
the Trustee says the annuities are not annuities under section 222.14. Second, the
Trustee says even if the annuities are, in fact, annuities, Mrs. Bauer is not a
beneficiary because she had no vested in right in the annuities as of the petition date
since her mom had not yet passed away. Neither argument has merit.

## II.    Conclusions of Law

Let's start with the first argument: the annuities are not "annuity contracts"
under section 222.14.[9] As the Florida Supreme Court pointed out nearly thirty years
ago, in *In re McCollam*, the term "annuity contracts" is not defined in chapter 222,

---

[7] Doc. No. 46, Amended Schedule C.

[8] § 222.14, Fla. Stat. (emphasis added).

[9] Doc. No. 57, pp. 4 – 6.

Florida Statutes.[10] In *McCollam*, the Florida Supreme Court was faced with deciding whether an annuity contract that was established in lieu of a lump sum settlement payment was exempt under section 222.14.[11] Looking to other Florida Statutes, as well as Black's Law Dictionary and other courts that have defined annuity contracts, the Florida Supreme Court held that the proceeds from the annuity in that case were exempt under section 222.14 because the annuity involved fixed periodic payments for a term of years.[12]

Three years later, the Eleventh Circuit, in *In re Solomon*, considered whether structured settlement payments constituted an "annuity contract" (and therefore were exempt from the debtor's bankruptcy estate) under section 222.14.[13] According to the *Solomon* Court, the fact that the debtor received a series of periodic payments did not, by itself, transform the structured settlement into an annuity.[14] In order for a series of period payments to qualify for the annuity exemption under section 222.14, the parties must have intended to create an annuity contract.[15]

---

[10] *LeCroy v. McCollam (In re McCollam)*, 612 So. 2d 572, 574 (Fla. 1993).

[11] *Id.* at 572.

[12] *Id.* at 574.

[13] *Guardian Life Ins. Co. v. Solomon (In re Solomon)*, 95 F.3d 1076, 1078 (11th Cir. 1996).

[14] *Id.* at 1079.

[15] *Id.* at 1078 – 79 ("We read *McCollam* to require the existence of an actual annuity contract before a series of payments may be exempt under section 222.14. The district court concluded that, because *McCollam*'s broad definition of 'annuity' includes 'debts structured as annuities,' 'the settlement agreement in this case constitutes proceeds of an annuity contract exempt under Fla. Stat. § 222.14.' The district court read *McCollam* too broadly; the fact that Solomon received a series of payments under the settlement agreement does not necessarily transform the agreement into an annuity

Here, the Trustee argues there is no evidence that Mrs. Bauschke and Mrs. Bauer intended that the contracts with Allianz would be annuity contracts. But the relevant inquiry is not what Mrs. Bauschke and Mrs. Bauer intended. The relevant inquiry is what Mrs. Bauschke and Allianz intended.

The evidence offered by the Debtor demonstrates that Mrs. Bauschke and Allianz intended to enter into an annuity contract.[16] In support of their exemption, the Debtors provided a statement from Allianz.[17] The statement, signed by "Annuity Claims," refers to three "Annuity Contract Number(s)" and the "Annuitization Value" of each annuity.[18] Thus, the four corners of the annuities in this case demonstrate that Mrs. Bauschke and Allianz intended to enter into an annuity contract.[19] Because Mrs. Bauschke and Allianz intended to enter into an annuity contract, the annuities here—which no one disputes provided for periodic payments over time—are annuity contracts within the meaning of section 222.14.

That leaves the Trustee's second argument: Mrs. Bauer is not a beneficiary. The Trustee does not dispute that Mrs. Bauschke identified Mrs. Bauer as her

---

contract exempted by section 222.14. To qualify for the exemption, the parties to the agreement must have intended to create an annuity contract.") (citations omitted).

[16] Doc. No. 59-1.

[17] *Id.*

[18] *Id.*

[19] *See In re Conner*, 172 B.R. 119, 121 (Bankr. M.D. Fla. 1994) ("The critical distinction between this case and the cases cited by the parties is that the contract in those cases is identified as an annuity within the four corners of the contract."); *In re Solomon*, 95 F.3d at 1079 ("To qualify for the exemption, the parties to the agreement must have intended to create an annuity contract.").

beneficiary on the annuity. Nor is there any question that Mrs. Bauer is entitled to payment of the annuity proceeds. The fact that Mrs. Bauer is entitled to the annuity proceeds ought to end the inquiry.

After all, in *Ministri Family, LLC v. Bell*, the court explained that a person is a "beneficiary" under section 222.14 "if that person is entitled to payment of the proceeds of the annuity contract when the claim for exemption is before the court."[20] Even though Mrs. Bauer has the right to payment of the annuity proceeds, the Trustee argues she cannot be a "beneficiary" because—*as of the petition date*—Mrs. Bauer had a mere expectancy interest in the annuity proceeds since her mom had not yet died.

This same argument was considered—and rejected—two decades ago by Bankruptcy Judge Raymond Ray in *In re Notargiacomo*.[21] There, the debtors inherited roughly $23,000 in annuity proceeds postpetition. When the debtors claimed the annuities as exempt under section 222.14, Florida Statutes, the trustee objected. According to the trustee, Bankruptcy Code § 522(b)(2)(A) provides that a debtor may claim as exempt "any property that is exempt under Federal law . . . or State or local law *that is applicable on the date of the filing of the petition*," and as of the petition date,

---

[20] 2015 WL 6445954, at * 12 (M.D. Fla. Oct. 23, 2015). In *Ministri Family*, U.S. District Judge Anne Conway adopted the report and recommendation of the U.S. Magistrate Judge Thomas Smith. *Id.* at *1.

[21] 253 B.R. 112 (Bankr. S.D. Fla. 2000).

the debtors (according to the trustee) "had nothing more than an equitable interest in the annuities."[22]

In rejecting the trustee's argument, Judge Ray first looked to a decision seven years earlier out of the Northern District of Texas in *In re Magness*.[23] In that case, the court considered whether the debtors could exempt property they inherited postpetition.[24] In allowing the exemption, the *Magness* court started with the plain language of Bankruptcy Code §§ 522 and 541.

Section 522(b), the *Magness* court pointed out, allows a debtor to exempt certain property "from property of the estate."[25] Property of the estate, of course, is defined in Bankruptcy Code § 541. As the *Magness* court pointed out, §§ 541(a)(1) and (2) include in the estate property the debtor owns as of the petition date, while §§ 541(a)(3) through (a)(7) include property that becomes property of the estate postpetition.[26] Relying on the Eleventh Circuit Court of Appeal's decision in *In re Wilson*, which held that a debtor could exempt property that became property of the estate postpetition under § 541(a)(7), the *Magness* court concluded that the Eleventh Circuit's reasoning applied equally to § 541(a)(5).

---

[22] *Id.* at 113.

[23] *Id.* at 114 (discussing *In re Magness*, 160 B.R. 294 (Bankr. N.D. Tex. 1993)).

[24] *In re Magness*, 160 B.R. 294, 295 (Bankr. N.D. Tex. 1993) ("The question in this case is whether the Debtors can claim as exempt, property which Mr. Magness inherited subsequent to the filing of the bankruptcy petition.").

[25] *Id.* at 297.

[26] 11 U.S.C. § 541(a)(1) – (7); *In re Magness*, 160 B.R. at 297.

Following the reasoning in *Magness* and *Wilson*, Judge Ray, in *Notargiacomo*, ruled that the debtors could exempt the annuity proceeds they inherited postpetition even though, in the trustee's words, the debtors "had nothing more than an equitable interest" on the petition date.[27] This Court agrees with Judge Ray's decision in *Notargiacomo*.

For starters, as the *Magness* court pointed out, the plain language of §§ 522 and 541(a)(5), when read together, allow debtors to exempt certain property (e.g., annuity proceeds) from "property of the estate," which includes property that is acquired postpetition. Consistent that with that plain reading of the Bankruptcy Code, the Eleventh Circuit, in *Wilson*, held that debtors can exempt property acquired postpetition under Bankruptcy Code § 541(a)(7). Like the *Magness* court, this Court sees no reason why the rationale in *Wilson* does not apply equally to property that becomes property of the estate under § 541(a)(5), such as the annuity proceeds in this case.

## III.  Conclusion

It is often said that bankruptcy exemptions are determined as of the petition date.[28] But, whatever the truth of that statement, it does not preclude a debtor from claiming as exempt property that becomes property of the estate under § 541

---

[27] 253 B.R. 112, 114 (Bankr. S.D. Fla. 2000).

[28] *In re Walz*, 546 B.R. 836, 838 (Bankr. D. Minn. 2016) (explaining that "[t]he principle that exemptions are determined as of the date of the petition was stated long ago in *White v. Stump*, 266 U.S. 310, 45 S .Ct. 103, 69 L. Ed. 301 (1924)").

postpetition. For the reasons set forth in the Eleventh Circuit's decision in *In re Wilson*, a debtor can claim as exempt property (including annuity proceeds under section 222.14, Florida Statutes) that becomes property of the estate postpetition under § 541(a)(5). The Court will therefore, by separate order, overrule the Trustee's objection to the Debtors' claim of exemptions.[29]

---

Attorney Katelyn Vinson is directed to serve a copy of this Memorandum Opinion on all interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this Memorandum Opinion.

---

**Katelyn M. Vinson, Esq.**
**The Golden Law Group**
  *Counsel for the Debtor*

**Maria D. Boudreaux, Esq.**
**The Boudreaux Law Firm, PLLC**
  *Counsel for the Chapter 7 Trustee*

---

[29] Doc. No. 47.